■ E.G. REALTY, INC., Respondent, v NOVA-PARK NEW YORK, INC., N.V., et al., Appellants.—Order, Supreme Court, New York County (Carol Arber, J.), entered March 12, 1991, which, *inter alia,* denied defendants' motions for summary judgment unanimously modified, on the law and the facts, to the extent of granting defendant Gotham's motion dismissing the complaint against it, and granting that part of defendant Nova-Park New York's (NPNY) motion dismissing the specific performance cause of action against it, and otherwise affirmed, without costs.

In 1983, plaintiff's principals, Di Sanza and Oehl, negotiated for the purchase of the Gotham Hotel from defendant NPNY. NPNY is a wholly owned subsidiary of Nova-Park A.G. ("NPAG"), a Swiss corporation. Financing for the hotel was obtained by NPAG through several German banking corporations. Officers of NPNY, and/or NPAG, Jack Takacs and Rene Hatt, negotiated with plaintiff. In 1984, plaintiff was notified that Arturo Bezzola and Iskandar Safa would negotiate for NPAG and NPNY.

As part of the negotiations, plaintiff bought some two assets of NPNY to help provide funds for NPNY to continue its negotiations with regard to the sale of the hotel. One of the assets plaintiff purchased was an Operating Agreement relative to a garage adjacent to the hotel. The sale of the Operating Agreement allegedly occurred with the knowledge of and without objection by the German Banks. The latest effective date of the agreement, by its terms, was December 31, 1987.

The hotel was never purchased by plaintiff. NPNY had sold an Operating Agreement to Gotham 55th Street Parking Corp. ("Gotham") for over $1 million, a month earlier. Plaintiff thereafter commenced this action for specific performance of the Operating Agreement and, in the alternative, for damages.

The IAS court denied defendants' motions for summary judgment concluding that questions remained as to the authority of Bezzola and Safa, whether actual or apparent, to conduct negotiations for NPNY. While there is evidence which demonstrates that a Shareholder's Agreement deprives Bezzola and Safa from acting in behalf of NPNY without approval from the German Banks, there is also evidence that the German Banks were aware of Bezzola and Safa's negotiations and approved of them. Accordingly, one of the several factual issues which preclude the granting of summary judgment is the issue of the authority of Bezzola and Safa to act on behalf of NPNY.

While plaintiff seeks specific performance, it has not sufficiently demonstrated its entitlement to such equitable relief. *(See, Litho Prestige v News Am. Publ.,* 652 F Supp 804.) If plaintiff is successful in this lawsuit, it may be adequately compensated by monetary damages. *(See, Van Wagner Adv. v S & M Enters.,* 67 NY2d 186.) Gotham was not part of the negotiations between plaintiff and NPNY and there is no wrongdoing alleged to have been committed by that defendant. Accordingly, Gotham's motion for summary judgment is granted; NPNY's motion is granted to the extent that the specific performance cause of action is dismissed. Concur—Sullivan, J. P., Milonas, Kupferman, Asch and Kassal, JJ.